By the Court.
Sedgwick, Ch. J.
The action was upon an account stated, as claimed by the complaint. The plaintiff relied upon it being proven that an account as to dealing between the parties had been sent to the defendant, and the latter had retained it, without objection, for such a length of time that it was a question for the jury, as to whether he had not assented to and impliedly promised to pay it, and also that the defendant had expressly promised to pay it. The defendant, as a witness, denied that he had made the express promise. He also relied upon the circumstances of the case to rebut a presumption *46 or to prevent an inference, that he had tacitly assented to the correctness of the account. He, competently in form, asked questions tending to show that one item, set out in the account, which was the ground of the account stated and which was nearly one-half of the whole account, had been paid. These questions were excluded. So far as the implication of assent or promise, from retention of the account without objection is concerned, it seems to me, that the question tended to call for facts which the jury might consider, as to the probability of a man assenting to an account, a great part of which had been paid. The same is true as to the express promise on which the plaintiff in part relied. The defendant denied that he made it, and the jury might be aided in determining the credibility of the witnesses, after being satisfied that one half of the account had been paid.
On the other hand, and in respect of the same points, the letter of Lockwood & Co., saying that they had for collection a claim amounting to $408.66, assigned to the plaintiff, and with the defendant’s memorandum upon it, his answer : “I am utterly without the ability to pay the above, or any part of it, I would gladly settle if I could,” properly went to the jury, for them to say if the defendant by his memorandum admitted that he owed the amount, and to be considered as a circumstance relevant to the issue of implied or express promise.
The existence or non-existence of a fact, as to which there is a contradiction of testimony, may be shown, by circumstantial evidence, especially where the question refers to an implication from existing facts.
The refusal to dismiss the complaint was not erroneous. There were facts proven upon which the jury was to pass.
For the reasons first given, the judgment should be reversed, and a new trial ordered, with costs, to abide the event. Order denying motion for new trial reversed.
Tan Vorst and Freedman, JJ., concurred.